## No. 9691.

### E. J. HART & CO. vs. ANGER & NICOL.

The following clause in an act of partnership does not attest an agreement binding on both parties that the partnership should continue at the death of one of the partners between the survivor and the heirs of the deceased: "In the event of the death of either of the parties to this act, it is to be optional with the survivor whether said co-partnership shall continue or not."

Hart & Co. vs. Anger & Nicol.

Such a stipulation does not create an agreement equally binding on both parties, but it gives all the advantage to the survivor. without any corresponding right to the heirs of the deceased. It does not comply with the requirements of the Civil Code touching the right of continuing a partnership after the death of one or more of the partners, and it has no sanction in law. Hence, it cannot be enforced.

APPEAL from the Twenty-third District Court, Parish of Iberville. *Talbot, J.*

*Read & Goodale* for Plaintiffs and Appellees:

1. That principle of the old Roman law adhering to the laws of Spain and obtaining in Louisiana up to the adoption of the Civil Code in 1828, which treated as nullities stipulations in acts of partnership, providing for the continuance of the partnership between the survivor and the heirs of the partner dying first, was superceded by Art. 2880 (2851) of the Civil Code. The exception in said article, "unless an agreement has been made to the contrary," means that an agreement in the articles of partnership for continuance of the partnership binds the estate of the partner dying first. Code Napoleon, 1868, Duvergier, 440; Troplong, 952, 953; Duranton, 473; Mourlon, 3d vol., p. 401; Zacharie, 2, p. 252, § 384; Lindley on Part., 232 (304), notes; Story on Partnership, §§ 201, 317, note, 319 a, 201 a, note; Burwell vs. Mandeville's Executors, 2 How. 560, and cases therein cited; *ex parte* Garlan, 10 Ves. 110; *ex parte* Richardson, 3 Madd. 138, 157; Thompson vs. Andrews, 1 Myl. and K. 116; Pitkin vs. Pitkin, 7 Conn. 307; Alexander vs. Lewis, 47 Tex. 481; Cook vs. Rogers, 3 Fed. Rep. 69; Jones vs. Walker, 2 Morrison's Trans. 257; Smith vs. Ayres, 101 U. S. 320; Kottwitz vs. Alexander, 34 Tex. 639.

Especially: Laughlin vs. Lorenz, 48 Penn. St. 275; Davis vs. Christian, 15 Gratt. 11; Taylor vs. Castle, 42 Cal. 367; also, Collyer on Partnership, vol. 1, p. 152, note; Butler vs. American Toy Co., 46 Conn. 136; Walker vs. Wait, 50 Vt. 668.

Especially: Scholefield & Taylor vs Eichelberger, 7 Peters, 594, and 2 How. 560; also, Duffield vs. Brainerd, 45 Ct. 424.

2. Where the administratrix of the estate of a deceased partner, whose surviving partner has elected, under option given in the articles of partnership, to continue the partnership for the term fixed in said articles, makes no objection thereto, but continues the partnership for a term of years, she will be presumed to have ratified such a stipulation, even were such ratification necessary.

Such ratification will also be presumed against the heirs. Grieff & Byrnes vs. Boudousquie & Fortier, 18 Ann. 631; Story on Partnership, secs. 36, 37, 48, 49, 53, 54, 64 and 65; 3 Kent, sec. 43, pp. 31, 33; Richardson vs. DeBuys & Louyer, 4 N. S. 127; 9 Johns. 489; City of New Orleans vs. Gauthreaux, 32 Ann. 1126; Parsons on Part., 30, 31; Robertson et al. vs. DeLizardi et al., 4 R. 300; McDonald vs. Millaudon, 5 La. 408; Dodd, Brown & Co. vs. John Bishop & Co. et al., 30 Ann. 1178; 37 Conn. 259; 4 Barn. & Ald. 663; 16 Ves. 49; 17 Id. 404; 18 Id. 300; 19 Id. 291; 6 Madd. 145, n; 4 East. 144; 10 Johns. 226; 16 Id. 34; 1 Story C. C. 371; 1 Cliff. 28; Collyer on Part., sec. 6.

Especially: Alsop vs. Mather, 8 Conn. 587.

3. Such a stipulation, in an act of partnership, is self-operative, is a charge upon the estate, and requires no ratification. Duranton, Cours de Droit Francais, vol. 17, p. 557, *et seq.*, commenting on Art. 1868, C. N., No. 473; Troplong, Livre III, tit. ix, art. 1868, No. 949–964; Mackeldy's Roman Law, p. 329, n; Price vs. Matthews, 14 A. 11.

4. Even minority is no exemption from its provisions. 26 Juill., 1827, Liege (p. 21, 668); Troplong, No. 954, de Fréminville, Tr. de la Minorité, t. 2, No. 1006; Duranton, t. 17, No. 473; Codes Annotes Sircq., ed. 1859. vol. 1, p 862.

*David N. Barrow, contra.*

The opinion of the Court was delivered by

POCHÉ, J. The facts are as follows:

In February, 1881, Joseph Anger and T. W. Nicol formed by authentic act a partnership for the cultivation of sugar-cane, for the manufacture of sugar, and for the business of keeping a general country store.

The partnership was to last five years, and the act contained the following stipulation:

"In the event of the death of either parties to this act, it is to be left optional with the survivor whether said co-partnership shall continue or not."

Joseph Anger died before the end of the year 1881, and his widow was qualified as testamentary executrix of his succession.

On the 5th of December, 1881, Nicol, the surviving partner, presented to the District Court of Iberville a petition, in which he recited substantially the foregoing facts, and in which he indicated his intention to continue the co-partnership, claiming the right, as conferred in the act, of the full administration of the business and of the property of the partnership for the unexpired term of five years.

The record does not show what action, if any, was taken by the court on that petition, but it appears that no visible change occurred in the management of the partnership business.

The record shows that after the death of Anger, Nicol, as the ostensible manager of the firm of Anger and Nicol, bought considerable merchandise from plaintiffs for resale in the country store, which continued in the name of the firm, and that up to November, 1884, the aggregate cost of the goods thus purchased amounted to $2,637 50, the larger portion of which is represented by a promissory note for the sum of $2,604 26, executed on May 9, 1884, and signed by T. W. Nicol in the name of the firm.

The object of this suit is to obtain judgment on that indebtedness, against the succession of Joseph Anger and T. W. Nicol, *in solido;* and the present appeal is taken by the administratrix from a judgment in favor of plaintiffs as prayed for.

Plaintiffs' contention, which is the theory of the judgment of the district court, is that under the terms of the act of partnership, the co-partnership as formed thereby, continued until the expiration of the five years therein stipulated, and that therefore the surviving partner was clothed with legal authority to contract the indebtedness sued upon, in the name of the partnership.

As legal authority for the stipulation invoked, we are referred to Article 2880 of the Civil Code, which reads: "Every partnership ends of right by the death of one of the partners, unless an agreement has been made to the contrary."

It is then argued that the stipulation herein above transcribed from the act of partnership has the legal effect of removing the partnership beyond the domain of the general rule, and that it places it under the effect of "an agreement to the contrary" within the scope of the exception contemplated by the article.

Counsel for appellees have made a very thorough and intelligent investigation of the jurisprudence of this and of other States of the American Union, of France, of Spain, and of ancient Rome, touching the legal and binding effect of an agreement between partners looking to the continuation of the partnership, after the death of one or more of the partners, between the survivor or survivors and the heirs of the deceased,—and they call our attention to the dearth of opinions on the subject in our own reports.

Counsel of both parties are anxious that we should discuss the matter, and finally settle the question, which is of unquestionable importance to commerce in this State. But we are constrained to disappoint them, for in our view of the case we are met with a question which overshadows this particular controversy, and on which we must rest our decision. That question is: Does the act of partnership in this case contain a stipulation that in case of the death of one of the partners, the partnership was to continue between the heirs of the deceased and the surviving partner, and are plaintiffs seeking to enforce an obligation arising under such a contract in their present action?

To be well understood, the exception contained in Article 2880 must be read with the provisions of Article 2882, which are as follows:

"If it has been stipulated that, in case of the death of one of the partners, the partnership should continue between the heir of the deceased and the surviving partners, or between the surviving partners only, either of these stipulations shall be observed."

Now, counsel and the district judge all seem to construe the clause on this subject-matter in the act of partnership between Anger and Nicol, as containing such a stipulation. The language of the Code clearly contemplates a positive agreement or contract between the partners that the partnership should continue after the death of one or more of them. But we can draw no such meaning from the language used in this connection in the act now under discussion. That clause reads: "In the event of the death of either of the parties to this

act, it is to be left optional with the survivor whether said co-partnership shall continue or not."

Read in the light of Article 2880, that language means that at the death of either of the parties, the partnership would be dissolved, unless at his option the survivor should choose to make it continue. But it is no where stipulated, as a contract between the parties, that the death of either would not dissolve the partnership. It may have been the intention of the parties to have made such a stipulation. If such be the case, it is plain that the notary did not understand them, or that he was unfortunate in the use of the words which he wrote as containing the agreement of the parties. By an agreement must be understood a stipulation which equally binds both parties, and in the case provided for by the Code, it should have the effect of continuing the partnership after the death of one of the partners, as a continuing, contract, without regard to the wishes, desires or option of the survivor. Such is not the import or legal scope and meaning of the language used in the clause under consideration.

Our own courts, and the commentators of the Article 1868 of the Code Napoleon, which is the origin of our Article 2882, have uniformly construed the power thus conferred on a party to burden his heirs by anticipation, very strictly, and have restricted its effect within a very narrow compass.

Troplong says on the subject. "Comme la continuation de société est un état exceptionnel, il ne faut pas étendre la convention d'où elle découle." Droit Civil Expliqué, No. 955, v. 2, p. 427.

Commenting on a similar provision in the Code of 1808, this Court said: "This may happen when the heirs are of age, and accept the benefit of a stipulation made in their favor, like any other third person, who would perhaps be at liberty to claim the benefit of such a stipulation. But we are clearly of opinion that according to the laws and usages of commerce, as they prevailed in this country at the time of the adoption of the Code of 1808, no stipulation could be made by partners, absolutely binding on the heirs of one of-them who should die, to continue the partnership after his death, and be made responsible for contracts made in the partnership name." Louisiana Bank vs. Kenner's Succession, 1 La. 384.

And later on, the Court said on the same subject: "A partnership is dissolved by the death of one of the partners, unless there be a stipulation to the contrary, but where the succession of a partner in a particular partnership is insolvent, and administered with the benefit of inventory, the partnership cannot be continued without the assent of

all the creditors, though the articles of partnership have provided for its continuance." Buard vs. Lemée, 12 Rob. 243.

Keeping in mind that these restrictions have been applied to cases in which there was a stipulation to continue the existence of the partnership, after the death of one or more of the partners, we see that in the instant case we are expected to enlarge the meaning of a clause in a contract, which purports at most to vest discretionary power in the survivor, so as to eke out of it an absolute agreement between the parties to continue the existence and operation of the partnership after the death of one of the partners.

As a striking illustration of the old adage that " the wish is father to the thought," we find that unconsciously the parties who refer to the clause in question change its phraseology and thus shape it so as to impart the meaning of the article of the Code.

Thus, in his petition to the court averring his desire to continue the partnership, the attorney of Nicol refers to the clause as saying: "That by said co-partnership it was stipulated that the death of either party should not dissolve the same unless the survivor so desired." * * *

And in his opinion, the district judge describes the same clause, as follows: " The articles of partnership between Nicol and Anger stipulated that in the event of the death of either, that the partnership should continue for five years."

The difference between the real language and the literal as well as legal meaning of the clause in the act, and the two references just quoted, is so striking that it requires no argument to show that the judge of the lower court had committed a serious error as to the nature of the case which he was trying.

These considerations are perhaps sufficient in themselves to defeat plaintiffs' claim against the succession, but in addition, the record shows that there is no claim of a partnership having continued between the survivor and the *heirs* of the deceased. The right, as conferred by the Code, is restricted to the *heir*, and no provision of our laws can be construed so as to extend the right to executors, administrators or other official representatives of successions. Hence the impossibility of recovering against the executrix in this case.

Under the views which we adopted, we eliminate the question of the kind of partnership which had been formed between Anger and Nicol.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and it is now ordered that plaintiffs' demand against the administratrix of the succession of Joseph Anger be rejected, and their action against her dismissed at their costs in both courts.

## CONCURRING OPINION.

FENNER, J.   Article 2881 C. C. declares: "Every partnership ends of right by the death of one of the partners, unless an agreement has been made to the contrary."

I think this sanctions any otherwise lawful "agreement to the contrary," and that the mention of particular agreements of that kind in the following Article 2882, is only exemplary and not limitative. Hence, I could see no objection to that feature of the act of partnership herein which subjected the continuance of the partnership to the option of the survivor.

If the deceased partner could have validly created an absolute obligation to continue the partnership, he could have created a conditional one.

But the object of this suit is to hold, not the heirs, but the executrix administering the succession of the deceased, bound under the continued partnership. I think this cannot be done, at least without proof that the succession has no creditors and that the executrix represents no interests except those of the heirs alone. A man may bind his heirs by such agreement, but he cannot bind his creditors.

Thus it was held that the widow and heirs of a deceased partner could not, by voluntary agreement, continue a partnership as to the succession without the consent of the creditors.   Buard vs. Lemée, 12 Rob. 243.

The administering executrix represents creditors as well as heirs.   If the plaintiff has any rights, he must look to the heirs alone, not to the succession or the administratrix.

For these reasons I concur in the decree.

Manning, J., concurs in this opinion.